**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Ivan RODRIGUEZ–MENDOZA, Defendant—Appellant.**

No. 10–30262.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 27, 2011.*

Filed Oct. 3, 2011.

Helen J. Brunner, Esquire, Assistant U.S., Jill Aiko Otake, Assistant U.S., Office of the U.S. Attorney, Seattle, WA, for Plaintiff–Appellee.

Roger A. Hunko, Law Offices of Wecker A. Hunko, Port Orchard, WA, for Defendant–Appellant.

Before: HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Ivan Rodriguez–Mendoza appeals from his jury conviction and 77–month sentence

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

for illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Rodriguez–Mendoza contends that he was denied his Sixth Amendment right to effective assistance of counsel when his trial attorney failed to: (1) object to his appearance at trial in "jail clothing;" (2) give an opening statement; or (3) present any witnesses. We decline to review these claims on direct appeal as the record is insufficiently developed and the legal representation was not so inadequate that it obviously denied Rodriguez–Mendoza his Sixth Amendment right to counsel. *See United States v. Benford*, 574 F.3d 1228, 1231 (9th Cir.2009).

In accordance with *United States v. Rivera–Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the clerical error resulting in the incorrect reference to 8 U.S.C. § 1326(b)(2). *See United States v. Herrera–Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.